UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIU INSURANCE COMPANY <br><br> Plaintiff, <br><br> - and - <br><br> BOTHNIA INTERNATIONAL INSURANCE COMPANY LIMITED and LANSFORSAKRINGBOLAGENS AB, <br><br> Defendants. | Case No.:   1:21-cv-5164 |

**PETITION UNDER THE FEDERAL ARBITRATION ACT
TO CONFIRM FINAL ARBITRATION AWARD**

Plaintiff AIU Insurance Company ("AIU") respectfully moves this Court to confirm a final arbitration award entered by arbitrators duly empaneled to resolve a reinsurance contract dispute between AIU and Defendants Bothnia International Insurance Company Limited and Lansforsakringbolagens AB (collectively, "Defendants"), and to enter judgment thereon.

**INTRODUCTION**

1. This action arises under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq*. and Chapter 2 thereof, 9 U.S.C. § 201 *et seq.*, which implements the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). AIU asks the Court to confirm and enter judgment upon a final award issued by arbitrators who were duly appointed to resolve a reinsurance contract dispute between AIU and Defendants.

**THE PARTIES**

2. AIU is an insurance company organized under the laws of the State of New York, with its principal place of business in New York, New York.

3. Bothnia International Insurance Company Limited ("Bothnia") is an insurance company organized under the laws of Finland, with its principal place of business in Finland. Bothnia is successor in interest to Fennia Insurance Company, Industrial Mutual Insurance Company, Pohjola Insurance Company, and Samvirke Skadeforsikring A/S.

4. On information and belief, Lansforsakringbolagens AB, now known as Stockholm Reinsurance Company Limited, is an insurance company organized under the laws of Sweden, with its principal place of business in the United Kingdom.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to (a) 28 U.S.C. § 1331 and 9 U.S.C. § 203; and (ii) 28 U.S.C. § 1332(a)(2).  The amount in controversy exceeds $75,000, exclusive of interest and costs.  The counties of which Defendants are citizens have ratified or otherwise implemented the Convention.

6. Venue is proper in this District pursuant to 9 U.S.C. §§ 9 and 204, and pursuant to 28 U.S.C. § 1391, because: (a) Defendants are corporations amenable to personal jurisdiction in this District and have contractually agreed to submit to the jurisdiction of any court of competent jurisdiction within the United States and to comply with all requirements necessary to give such court jurisdiction; (b) the arbitration agreement between the parties designates that the arbitration shall take place in New York, New York which is within this District; and (c) the arbitration award that AIU seeks to confirm was rendered, in this District.

## CLAIM FOR RELIEF

7. AIU and Defendants are parties to a reinsurance contract entitled the Casualty Special Risks Division Excess of Loss Contract (the "Contract"; *see* Cunningham Decl. Exhibit

A). Under the Contract, Defendants reinsure liabilities arising from certain insurance policies issued by AIU.

8. The Contract contains an arbitration clause requiring final arbitration of disputes between the parties as follows:

> All disputes or differences arising out of the interpretation of this Contract shall be submitted to the decision of two arbitrators, one to be chosen by each party and in the event of the arbitrators failing to agree, to the decision of an umpire to be chosen by the arbitrators…The arbitration proceeding shall take place in New York, New York. The arbitrators and umpire are relieved from all judicial formalities and may abstain from following the strict rules of law. They shall settle any dispute under the Contract according to an equitable rather than a strictly legal interpretation of its terms and their decision shall be final and not subject to appeal.

(*see* Cunningham Decl. Ex. A at Art. XVIII.)

9. The Contract also contains a "Service of Suit (U.S.A.)" clause applicable to non-U.S. reinsurers such as Defendants. In pertinent part, it provides:

> It is agreed that in the event of the failure of Reinsurers hereon to pay any claimed to be due hereunder, Reinsurers hereon, at the request of [AIU], will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such court….It is further agreed that … in any suit instituted against any one of them upon this Contract, Reinsurers will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

(*Id.* at Art. XIX.)

10. AIU paid certain asbestos-related losses under policies respecting Transamerica and Kaiser Aluminum & Chemical Corporation and in turn billed Defendants a respective share of those payments under the Contract. Defendants failed to pay those billings, contending that the Contract did not cover domestic U.S. risks.

11.     AIU demanded arbitration against Defendants in accordance with the arbitration clause in the Contract.  Defendants joined the arbitration and a three-member panel of arbitrators (the "Panel") was duly appointed under the arbitration clause of the Contract.

12.     On August 17, 2020, the Panel convened an Organizational Meeting by videoconference at which AIU and Defendants accepted the Panel as duly constituted.

13.     AIU and Defendants thereafter conducted discovery.  AIU then filed a motion for summary judgment on the disputed issues while Defendants filed a motion to compel further discovery.  After full briefing from the parties, the Panel on December 23, 2020 held a videoconference hearing on both motions.

14.     After '[h]aving considering the motions and the oppositions thereto, following oral argument conducted on December 23, 2020, and after Panel deliberations in which the arguments raised were considered," the Panel on January 15, 2021 issued a Final Summary Award (the "Final Award").  Therein, a majority of the Panel denied Defendants' motion to compel and granted AIU's motion for summary judgment, directing Defendants to pay the unpaid billings under the Contract, plus interest.  In so ruling, the panel majority found that "there is no dispute between the parties that domestic U.S. business is covered under the reinsurance contract" and rejected Defendants' argument that the U.S. exposure would be incidental.  A copy of the Final Award is attached as Exhibit B to the Cunningham Declaration.

15.     The Final Award has not been vacated, modified, or corrected.

16.     The FAA provides that an arbitration award is to be confirmed unless the opposing party establishes a basis for vacating or modifying the award, and a party seeking to vacate an arbitration award bears a substantial burden.  Arbitration awards are subject to an "extremely deferential standard of review." *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir.

2019). This is "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008). The FAA thus creates a "strong presumption in favor of enforcing arbitration awards" and courts have an "extremely limited" role in reviewing such awards. *Wall Street Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 849 (2d Cir. 1994). As such, an arbitration award "should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J Serv. Employees Int'l*, 954 F.2d 794, 797 (2d Cir. 1992).

17. No basis exists for vacating, modifying, correcting, or declining to confirm the Final Award.

18. This Motion is brought within one year after the Final Award was made.

19. Pursuant to Sections 9 and 13 of the FAA, 9 U.S.C. §§ 9 and 13, and pursuant to Section 207 of the Convention, 9 U.S.C. § 207, AIU is entitled to confirmation of the Final Award and judgment thereon.

WHEREFORE, AIU respectfully requests that this Court:

(a) confirm the Final Award of the Panel; and

(b) enter judgment on the confirmed Final Award.

Dated: New York, New York
June 10, 2021

SIDLEY AUSTIN LLP

/s/ Barry W. Rashkover
Barry W. Rashkover
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300
brashkover@sidley.com

Thomas D. Cunningham
(*pro hac vice* application forthcoming)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
tcunningham@sidley.com

*Counsel for Plaintiff*
*AIU Insurance Company*

269611176v.1