```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/2/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
AIU INSURANCE COMPANY,                          :
                                                :
                            Petitioner,         :
                                                :
            -against-                           :      21-CV-5164 (VEC)
                                                :
BOTHNIA INTERNATIONAL INSURANCE                 :      MEMORANDUM OPINION
COMPANY LIMITED and                             :          AND ORDER
LANSFORSAKRINGBOLAGENS AB,                      :
                                                :
                            Respondents.        :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Petitioner AIU Insurance Company ("AIU") seeks confirmation of an arbitration award entered against Respondents Bothnia International Insurance Company Limited ("Bothnia") and Lansforsakringbolagens AB, plus interest, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. *See* Pet., Dkt. 1. Respondents do not oppose the Petition. *See* Dkt. 15. For the following reasons, the Petition is GRANTED.

## BACKGROUND

AIU is a New York-based insurance company. Pet. ¶ 2. Bothnia and Lansforsakringbolagens AB are both foreign insurance companies. *Id.* ¶¶ 3–4. Petitioner and Respondents are parties to a reinsurance contract entitled the Casualty Special Risk Division Excess of Loss Contract ("the Contract"). *Id.* ¶ 7; Contract, Dkt. 4-1. Pursuant to the terms of the Contract, Respondents reinsure liabilities arising from certain insurance policies issued by Petitioner. Pet. ¶ 7.

Petitioner paid asbestos-related losses under insurance policies owned by Transamerica and Kaiser Aluminum & Chemical Corporation and subsequently billed Respondents for their

1

share of those payments, as dictated by the Contract. *Id.* ¶ 10. Respondents failed to pay, instead arguing that the Contract did not cover domestic U.S. risks. *Id.*

Petitioner thereafter initiated arbitration pursuant to the terms of the Contract. *Id.* ¶ 11; *see also* Contract, Art. XVIII (arbitration clause). After Respondents joined the arbitration, a three-member arbitration panel was appointed in accordance with the Contract's arbitration clause. Pet. ¶ 11; Contract, Art. XVIII. The parties conducted discovery in the arbitration proceeding, after which Petitioner moved for summary judgment and Respondents moved to compel further discovery. Pet. ¶ 13. On January 15, 2021, the arbitration panel issued a Final Summary Award ("Final Award"), which granted Petitioner's motion for summary judgment, rejecting Respondents' position that the Contract did not cover domestic U.S. business. *Id.* ¶ 14; Final Award at 2, Dkt. 4-2. Accordingly, the panel ordered Respondents to pay Petitioner the unpaid balance of $836,032, plus interest at a rate of 3 percent, commencing 90 days from the date the amount was first billed until Respondents pay the balance. Final Award at 3. The Final Award has not been vacated, modified, or corrected. Pet. ¶ 15.

On June 10, 2021, AIU filed a Petition with this Court to confirm the Final Award. *See* Pet. On June 17, 2021, Respondents informed the Court by letter that they did not intend to oppose the Petition. *See* Dkt. 15.

## DISCUSSION

**I.  Legal Standard**

Pursuant to the FAA:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order

        unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). When a petitioning party abides by the statutory requirements of the FAA in seeking confirmation, including the one-year statute of limitations, confirmation of the award is mandatory. *See Nat'l Cas. Co. v. Resolute Reinsurance Co.*, No. 15-CV-9440, 2016 WL 1178779, at *3 (S.D.N.Y. Mar. 24, 2016). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)). "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *Id.* (quoting *Landy Michaels Realty Corp. v. Loc. 32B–32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

        The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). Courts should "vacate an arbitration award only upon finding a violation of one of the four statutory bases [enumerated in the FAA],[1] or, more rarely, if [the court] find[s] a panel has acted in manifest disregard of the law." *Id.* at 139.

---

[1] The four statutory bases for vacatur are: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. §10(a).

When a petition to confirm an arbitration award is unopposed, courts treat the petition "as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair*, 462 F.3d at 109; *see also, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund. v. Ferran Dev. Corp.*, No. 13-CV-1482, 2013 WL 2350484, at *2 (S.D.N.Y. May 30, 2013). Unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law, the petition must be confirmed. *D.H. Blair*, 462 F.3d at 109–10. When an award is for a sum certain, a court need not make further inquiry into damages. *Herrenknecht Corp. v. Best Rd. Boring*, No. 06-CV-5106, 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).

## II.  Application

The Contract's arbitration clause provides in relevant part that:

> [a]ll disputes or differences arising out of the interpretation of this Contract shall be submitted to the decision of . . . arbitrators . . . . The arbitration proceeding shall take place in New York, New York. . . . [The arbitrators and umpire] shall settle any dispute under the Contract according to an equitable rather than a strictly legal interpretation of its terms and their decision shall be final and not subject to appeal.

Contract, Art. XVIII.

Petitioner properly petitioned to confirm the Final Award within one year of its issuance: the arbitration panel issued the Final Award on January 15, 2021, Final Award at 4, and AIU filed its Petition to confirm the Final Award on June 10, 2021, *see* Pet., well within the FAA's one-year statute of limitations. *See* 9 U.S.C. § 9. None of the statutory exceptions applies, and there is more than a "barely colorable justification" for the arbitration panel's outcome. *Landy Michaels Realty Corp.*, 954 F.2d at 797. Thus, the Petition to confirm the arbitration award is GRANTED.

The Final Award orders Respondents to pay Petitioner $836,032, plus 3 percent simple interest commencing 90 days from the date the amount was first billed until the balance is paid.

Final Award at 3.  Because the award is for a sum certain, the Court need not inquire further into damages.  *Herrenknecht Corp.*, 2007 WL 1149122, at *2.  The Court therefore confirms the award to Petitioner of $836,032, plus simple interest at a rate of 3 percent from the date 90 days after the date the amount was first billed until paid by Respondents.

## CONCLUSION

For the foregoing reasons, AIU's Petition to confirm the arbitration award is GRANTED.

The Clerk of Court is respectfully directed to enter judgment for Petitioner in the amount of $836,032 in damages and interest at a rate of 3 percent commencing 90 days from the date such amount or part thereof was first billed until paid by Respondents.

The Clerk is further directed to terminate all open motions and to close the case.

**SO ORDERED.**

Date:  **August 2, 2021**
       **New York, New York**

       **VALERIE CAPRONI**
       **United States District Judge**